IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| JEREMIAH SPURLOCK, Individually and on behalf of all others similarly situated, | Civil Action No. _____ |
| Plaintiff, | JURY TRIAL DEMANDED |
| v. | COLLECTIVE ACTION PURSUANT TO 29 U.S.C. § 216(b) |
| COLE INTERNATIONAL TUBULAR SERVICE, LLC D/B/A COLE ENTERPRISES INTERNATIONAL TUBULAR SERVICE | CLASS ACTION PURSUANT TO FED. R. CIV. P. 23 |
| *Defendant.* | |

## ORIGINAL CLASS/COLLECTIVE ACTION COMPLAINT

Jeremiah Spurlock ("Plaintiff" or "Plaintiff Spurlock") brings this action individually and on behalf of all current and former Thread Representatives/Specialists (hereinafter "Plaintiff and the Putative Class Members") who worked for Cole International Tubular Service, LLC d/b/a Cole Enterprises International Tubular Service ("Cole") and were paid hourly but no overtime from three years preceding the filing of the Original Complaint and through the final disposition of this matter, seeking all available relief, including compensation, liquidated damages, attorneys' fees, and costs, pursuant the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq.* pursuant to Ohio's Minimum Fair Wage Standards Act ("OMFWSA"), O.R.C. §§ 4111.01, 4111.03 and 4111.10, the Ohio Prompt Pay Act ("OPPA"), O.R.C. § 4113.15 (the OMFWSA and the OPPA will be referred to collectively as the "Ohio Acts"), and pursuant to the Pennsylvania Minimum Wage Act ("PMWA"), 43 P.S. §§ 333.101, *et seq.*

Plaintiff's FLSA claim is asserted as a collective action under Section 16(b) of the FLSA, 29 U.S.C. § 216(b), while his Ohio Acts and PMWA claims are asserted as class actions under Federal Rule of Civil Procedure ("FED. R. CIV. P.") 23.

## I.
## OVERVIEW

1. This lawsuit includes a collective action pursuant to the FLSA, 29 U.S.C. §§ 201 *et. seq.*, and a class action pursuant to the Ohio Acts, PMWA and FED. R. CIV. P. 23, to recover overtime wages.

2. Plaintiff and the Putative Class Members are those similarly situated persons who worked for Cole since September 5, 2014 and through the final disposition of this matter, and were paid hourly for all hours worked in the oilfield and offshore in the Gulf of Mexico, but did not receive overtime for all hours worked over forty (40) in each workweek.

3. Cole improperly classified Plaintiffs and the Putative Class Members as independent contractors.

4. Plaintiff and the Putative Class Members routinely work (and worked) in excess of 40 hours per workweek; however, Plaintiff and the Putative Class Members were not paid overtime of at least one and one-half their regular rates for all hours worked in excess of forty (40) hours per workweek.

5. The decision by Cole not to pay overtime compensation to Plaintiff and the Putative Class Members was neither reasonable nor in good faith.

6. Cole knowingly and deliberately failed to compensate Plaintiff and the Putative Class Members overtime of at least one and one-half their regular rates for all hours worked in excess of forty (40) hours per workweek.

7. Plaintiff and the Putative Class Members did not and currently do not perform work that meets the definition of exempt work under the FLSA, the Ohio Acts or the PMWA.[1] Specifically, Plaintiff and the Putative Class Members performed routine and manual labor type job duties in the oilfield and offshore in the Gulf of Mexico.

8. Plaintiff and the Putative Class Members therefore seek to recover all unpaid overtime and other damages owed under the FLSA as a collective action pursuant to 29 U.S.C. § 216(b), and to recover all unpaid overtime and other damages owed under the Ohio Acts and the PMWA as class actions pursuant to FED. R. CIV. P. 23.

9. Plaintiff prays that all similarly situated workers (Putative Class Members) be notified of the pendency of this action to apprise them of their rights and provide them an opportunity to opt-in to this lawsuit.

10. Plaintiff also prays that the Rule 23 classes are certified as defined herein, and the Plaintiff be designated Class Representative.

## II.
## THE PARTIES

11. Plaintiff Jeremiah Spurlock ("Spurlock") worked for Cole within the meaning of the FLSA, the Ohio Acts and the PMWA within the relevant three-year period. Plaintiff Spurlock did not receive overtime compensation for all hours worked in excess of forty (40) hours per workweek.[2]

---

[1] All exemptions are to be narrowly construed and the burden of proof to establish them lies with the employer. *Vela v. City of Houston*, 276 F.3d 659, 666 (5th Cir. 2001); *Michigan Ass'n of Governmental Employees v. Michigan Dep't of Corr.*, 992 F.2d 82, 83 (6th Cir. 1993) and *Davis v. Mountaire Farms, Inc.,* 453 F.3d 554, 556 (3d Cir. 2006)*; see also Graham v. Harbour*, 20 Ohio App.3d 293, 297, 486 N.E.2d 184 (10th Dist.1984) ("Recognizing the remedial purpose of both the federal FLSA and OMFWSA, and that exemptions from coverage under the act should be narrowly construed, the Tenth Appellate District held that the employer—not the employee— "has the burden of proving" non-coverage or exemption).

[2] The written consent of Jeremiah Spurlock is attached hereto as Exhibit "A."

12. The Putative Class Members include those current and former Thread Representatives/Specialists who worked for Cole since September 5, 2014 and have been subjected to the same illegal pay system under which Plaintiff Spurlock worked and was paid.

13. Cole International Tubular Service, LLC d/b/a Cole Enterprises International Tubular Service ("Cole") is a Texas limited liability company and may be served through its registered agent for service: **W. Allen Cole, 14 Rosedale Brook Court, The Woodlands, Texas 77381**.

## III.
## JURISDICTION & VENUE

14. This Court has subject matter jurisdiction over the FLSA claim pursuant to 28 U.S.C. § 1331 as this is an action arising under 29 U.S.C. §§ 201 *et. seq.*

15. This Court has supplemental jurisdiction over the additional Ohio Acts and PMWA claims pursuant to 28 U.S.C. § 1367(a).

16. This Court has personal jurisdiction over Cole because the cause of action arose within this District as a result of Cole's conduct within this District.

17. Venue is proper in the Southern District of Texas because this is a judicial district where a substantial part of the events or omissions giving rise to the claim occurred.

18. Specifically, Cole is headquartered in The Woodlands, Montgomery County, Texas, which is located in this District and Division.

19. Venue is proper in this this District pursuant to 28 U.S.C. § 1391.

## IV.
## ADDITIONAL FACTS

20. Cole is an oilfield service company with its headquarters located in Conroe, Texas.[3] Specifically, Cole provides its clients with connection solutions and employs Thread

---

[3] *See* http://www.coleenterprises.com/index.html.

Representatives/Specialists—Plaintiff and the Putative Class Members—to inspect[4] and ensure certain pipe and casing connects properly while working at a well site/drilling location in the oilfield and offshore in the Gulf of Mexico.[5]

21. Cole has operations throughout the United States and the Gulf of Mexico.

22. To provide their services, Cole employed numerous Thread Representatives/Specialists—including the individuals that make up the putative or potential class. While exact job titles may differ, these employees were subjected to the same or similar illegal pay practices for similar work in the oilfield and offshore in the Gulf of Mexico.

23. Plaintiff Spurlock worked exclusively for Cole as a Thread Representative/Specialist from approximately 2002 until November 2015.

24. Plaintiff Spurlock worked for Cole in Texas, North Dakota, New Mexico, Colorado, Oklahoma, Louisiana, Ohio, Pennsylvania and offshore in the Gulf of Mexico.

25. Cole paid Plaintiff and the Putative Class Members an hourly wage for all hours worked in the oilfield and offshore in the Gulf of Mexico. Specifically, Plaintiff Spurlock was paid $20.00 per hour worked but did not receive overtime compensation at the required rate of time-and-one-half for all hours worked over forty (40) each workweek.

26. As a Thread Representaive/Specialist, Plaintiff and the Putative Class Members' primary job duties included running pipe, inspecting pipe, and ensuring that pipe connections and casings were connected properly.

27. Although it is well-known that blue-collar oilfield workers like Plaintiff and the Putative Class Members are **_not exempt_** from overtime, Cole did not pay Plaintiff and the Putative

---

[4] *See* http://www.coleenterprises.com/inspection.html.

[5] *See* http://www.coleenterprises.com/threadrep.html.

Class Members the additional overtime premium required by the FLSA for hours worked in excess of forty (40) in a workweek.

28. Plaintiff and the Putative Class Members' primary job duties included performing daily checklists, assisting with the preparation of equipment, and performing other oilfield related functions on various job sites.

29. Upon information and belief, Plaintiff and the Putative Class Members would conduct their day-to-day activities within mandatory and designed parameters and in accordance with pre-determined operational plans created by Cole and/or its clients.

30. Upon further information and belief, Plaintiff and the Putative Class Members' daily and weekly activities were routine and largely governed by standardized plans, procedures, and checklists created by Cole and/or its clients.

31. Virtually every job function was pre-determined by Cole and/or its clients, including the tools to use at a job site, the schedule of work, and related work duties. Plaintiff and the Putative Class Members were prohibited from varying their job duties outside of the predetermined parameters.

32. Moreover, Plaintiff and the Putative Class Members' job functions were primarily routine and manual labor in nature, requiring little to no official training, much less a college education or other advanced degree.

33. Indeed, Plaintiff and the Putative Class Members are blue-collar workers. They rely on their hands, physical skills, and energy to perform manual and routine labor in the oilfield and offshore in the Gulf of Mexico.

34. Plaintiff and the Putative Class Members' duties did not (and currently do not) include managerial responsibilities or the exercise of independent discretion or judgment.

35. Plaintiff and the Putative Class Members did not (and currently do not) have the authority to hire or fire other employees, and they were not (and currently are not) responsible for making hiring or firing recommendations.

36. Moreover, Plaintiff and the Putative Class Members did not (and currently do not) supervise two or more employees.

37. Plaintiff and the Putative Class Members' duties did not (and currently do not) concern work directly related to the management or general business operations of Cole or its customers.

38. Cole determined the hours Plaintiff and the Putative Class Members worked.

39. Cole set Plaintiff and the Putative Class Members' pay and controlled the number of hours they worked.

40. Cole set all employment-related policies applicable to Plaintiff and the Putative Class Members.

41. Cole maintained control over pricing and marketing. Cole also chose equipment and product suppliers.

42. Cole owned or controlled the equipment and supplies that Plaintiff and the Putative Class Members used to perform their work.

43. Cole had the power to hire and fire Plaintiff and the Putative Class Members.

44. Cole made all personnel and payroll decisions with respect to Plaintiff and the Putative Class Members, including but not limited to, the decision to pay Plaintiff and the Putative Class Members an hourly wage with no overtime pay.

45. Cole reimbursed Plaintiff and the Putative Class Members for expenses and bought or provided tools and equipment Plaintiff and the Putative Class Members used.

46. Plaintiff and the Putative Class Members did not employ their own workers nor were they allowed to employ their own workers.

47. Plaintiff and the Putative Class Members worked continuously for Cole on a permanent full-time basis.

48. Cole, instead of Plaintiff and the Putative Class Members, made the large capital investments in vehicles, buildings, equipment, tools, and supplies. Moreover, Cole paid operating expenses like rent, payroll, marketing, insurance, and bills.

49. Plaintiff and the Putative Class Members relied on Cole for their work. Plaintiff and the Putative Class Members did not market any business or services of their own. Instead, Plaintiff and the Putative Class Members worked the hours assigned by Cole, performed duties assigned by Cole, worked on projects assigned by Cole, and worked for the benefit of Cole and its customers.

50. Cole paid Plaintiff and the Putative Class Members on a weekly basis. Plaintiff and the Putative Class Members did not earn a profit based on any business investment of their own. Rather, Plaintiff and the Putative Class Members' only earning opportunity was based on the number of hours they were allowed to work, which was controlled by Cole and/or its customers.

51. Cole improperly classified Plaintiff and the Putative Class Members as independent contractors. The classification was improper because Plaintiff and the Putative Class Members were not in business for themselves. Instead, they were economically dependent upon Cole for their work.

52. Plaintiff and the Putative Class Members' duties did not (and currently do not) include managerial responsibilities or the exercise of independent discretion or judgment.

53. The FLSA, the Ohio Acts and the PMWA mandate that overtime be paid at one and one-half times an employee's regular rate of pay.

54. Under the Ohio Acts, overtime shall be paid in the manner and methods provided in and subject to the exemptions of section 7 and section 13 of the FLSA. O.R.C. § 4111.03(A).

55. Under the PMWA, regular rate shall include all remuneration for employment paid to or on behalf of the employee, with exceptions that are inapplicable here. 34 Pa. Code § 231.43.

56. Cole denied Plaintiff and the Putative Class Members overtime pay as a result of a widely applicable, illegal pay practice. Plaintiff and the Putative Class Members regularly worked in excess of forty (40) hours per week but never received overtime compensation.

57. Cole applied this pay practice despite clear and controlling law that states that the manual labor/technical, routine duties which were performed by Plaintiff and the Putative Class Members consisted of **_non-exempt_** work.

58. Accordingly, Cole's pay policies and practices blatantly violated (and continue to violate) the FLSA, the Ohio Acts and the PMWA.

# V.
# CAUSES OF ACTION

## COUNT ONE
**(Collective Action Alleging FLSA Violations)**

**A.   FLSA COVERAGE**

59. All previous paragraphs are incorporated as though fully set forth herein.

60. The FLSA Collective is defined as:

**ALL THREAD REPRESENTATIVES/SPECIALISTS WHO WORKED FOR COLE INTERNATIONAL TUBULAR SERVICE, LLC D/B/A COLE ENTERPRISES INTERNATIONAL TUBULAR SERVICE, AT ANY TIME FROM SEPTEMBER 5, 2014 THROUGH THE FINAL DISPOSITION OF THIS CASE, AND WERE PAID HOURLY BUT DID NOT RECEIVE OVERTIME FOR HOURS WORKED OVER FORTY IN ANY WORKWEEK ("FLSA Collective" or "FLSA Collective Members").**

61. At all times hereinafter mentioned, Cole has been an employer within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

62. At all times hereinafter mentioned, Cole has been an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

63. At all times hereinafter mentioned, Cole has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29

U.S.C. § 203(s)(1), in that said enterprise has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person, or in any closely related process or occupation directly essential to the production thereof, and in that those enterprises have had, and have, an annual gross volume of sales made or business done of not less than $500,000.00 (exclusive of excise taxes at the retail level which are separately stated).

64. During the respective periods of Plaintiff and the FLSA Collective Members' employment by Cole, these individuals provided services for Cole that involved interstate commerce for purposes of the FLSA.

65. In performing the operations hereinabove described, Plaintiff and the FLSA Collective Members were engaged in commerce or in the production of goods for commerce within the meaning of §§ 203(b), 203(i), 203(j), 206(a), and 207(a) of the FLSA. 29 U.S.C. §§ 203(b), 203(i), 203(j), 206(a), 207(a).

66. Specifically, Plaintiff and the FLSA Collective Members are (or were) **_non-exempt_** employees who worked for Cole and were engaged in oilfield services that were directly essential to the production of goods for Cole and related oil and gas companies. 29 U.S.C. § 203(j).

67. At all times hereinafter mentioned, Plaintiff and the FLSA Collective Members are (or were) individual employees who were engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 206-207.

68. In violating the FLSA, Cole acted willfully, without a good faith basis and with reckless disregard of applicable federal law.

69. The proposed collective of similarly situated employees, i.e. putative collective members sought to be certified pursuant to 29 U.S.C. § 216(b), is defined in Paragraph 60.

70. The precise size and identity of the proposed class should be ascertainable from the business records, tax records, and/or employee or personnel records of Cole.

**B. FAILURE TO PAY WAGES IN ACCORDANCE WITH THE FLSA**

71. All previous paragraphs are incorporated as though fully set forth herein.

72. Cole violated provisions of Sections 7 and 15 of the FLSA, 29 U.S.C. §§ 207, and 215(a)(2) by employing individuals in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA for workweeks longer than forty (40) hours without compensating such employees for hours worked in excess of forty (40) per workweek at rates at least one and one-half times the regular rates.

73. Plaintiff and the FLSA Collective Members have suffered damages and continue to suffer damages as a result of Cole's acts or omissions as described herein; though Cole is in possession and control of necessary documents and information from which Plaintiff would be able to precisely calculate damages.

74. Moreover, Cole knowingly, willfully and in reckless disregard carried out its illegal pattern of failing to pay Plaintiff and other similarly situated employees overtime compensation. 29 U.S.C. § 255(a).

75. Cole knew or should have known its pay practices were in violation of the FLSA.

76. Cole is a sophisticated party and employer, and therefore knew (or should have known) its policies were in violation of the FLSA.

77. Plaintiff and the FLSA Collective Members, on the other hand, are (and were) unsophisticated laborers who trusted Cole to pay overtime in accordance with the law.

78. The decision and practice by Cole to not pay overtime was neither reasonable nor in good faith.

79. Accordingly, Plaintiff and the Putative Class Members are entitled to overtime wages for all hours worked in excess of forty (40) in a workweek pursuant to the FLSA in an amount equal to one-and-a-half times their regular rate of pay, plus liquidated damages, attorneys' fees and costs.

**C. FLSA COLLECTIVE ACTION ALLEGATIONS**

80. All previous paragraphs are incorporated as though fully set forth herein.

81. Pursuant to 29 U.S.C. § 216(b), this collective claim is made on behalf of all those who are (or were) similarly situated to Plaintiff.

82. Other similarly situated employees have been victimized by Cole's patterns, practices, and policies, which are in willful violation of the FLSA.

83. The FLSA Collective Members are defined in Paragraph 60.

84. Cole's failure to pay any overtime compensation results from generally applicable policies and practices, and does not depend on the personal circumstances of the individual FLSA Collective Members.

85. Thus, Plaintiff's experiences are typical of the experiences of the FLSA Collective Members.

86. The specific job titles or precise job requirements of the various FLSA Collective Members does not prevent collective treatment.

87. All of the FLSA Collective Members—regardless of their specific job titles, precise job requirements, rates of pay, or job locations—are entitled to be properly compensated for all hours worked in excess of forty (40) hours per workweek.

88. Although the issues of damages may be individual in character, there is no detraction from the common nucleus of liability facts. Indeed, the FLSA Collective Members are blue-collar oilfield workers entitled to overtime after forty (40) hours in a week.

89. Cole employed a substantial number of similarly situated oilfield workers since September 5, 2014. Upon information and belief, these workers are geographically dispersed, residing and working in locations across the United States. Because these workers do not have fixed work locations, they may work in different states across the country in the course of a given year.

90. Absent a collective action, many members of the proposed FLSA collective likely will not obtain redress of their injuries and Cole will retain the proceeds of its rampant violations.

91. Moreover, individual litigation would be unduly burdensome to the judicial system. Concentrating the litigation in one forum will promote judicial economy and parity among the claims of the individual members of the classes and provide for judicial consistency.

92. Accordingly, the FLSA collective of similarly situated plaintiffs should be certified as defined as in Paragraph 60 and notice should be promptly sent.

### COUNT TWO
### (Class Action Alleging Violations of the Ohio Acts)

**A. OHIO ACTS COVERAGE**

93. All previous paragraphs are incorporated as though fully set forth herein.

94. The Ohio Acts Class is defined as:

**ALL THREAD REPRESENTATIVES/SPECIALISTS WHO WORKED FOR COLE INTERNATIONAL TUBULAR SERVICE, LLC D/B/A COLE ENTERPRISES INTERNATIONAL TUBULAR SERVICE, IN OHIO AT ANY TIME FROM SEPTEMBER 5, 2014 THROUGH THE FINAL DISPOSITION OF THIS CASE, AND WERE PAID HOURLY BUT DID NOT RECEIVE OVERTIME FOR HOURS WORKED OVER FORTY IN ANY WORKWEEK ("Ohio Acts Class" or "Ohio Acts Class Members").**

95. At all times hereinafter mentioned, Cole has been an employer within the meaning of the OMFWSA, O.R.C. § 4111.03(D)(2).

96. At all times hereinafter mentioned, Plaintiff and the Ohio Acts Class members have been employees within the meaning of the OMFWSA, O.R.C. § 4111.03(D)(3).

97. Plaintiff and the Ohio Acts Class Members were or have been employed by Cole since September 5, 2014, and have been covered employees entitled to the protections of the Ohio Acts and were not exempt from the protections of the Ohio Acts.

98. The employer, Cole, is not exempt from paying overtime benefits under the Ohio Acts.

**B.     FAILURE TO PAY WAGES IN ACCORDANCE WITH THE OHIO ACTS**

99. All previous paragraphs are incorporated as though fully set forth herein.

100. The OMFWSA requires that employees, including Plaintiff and the Ohio Acts Class Members receive "time and one-half" overtime premium compensation for hours worked over forty (40) per week.

101. The OPPA requires that Cole pay Plaintiff and the Ohio Acts Class Members all wages, including unpaid overtime, on or before the first day of each month, for wages earned by her during the first half of the preceding month ending with the fifteenth day thereof, and on or before the fifteenth day of each month, for wages earned by her during the last half of the preceding calendar month.

102. Plaintiff and the Ohio Acts Class Members were or have been employed by Cole since September 5, 2014, and have been covered employees entitled to the protections of the Ohio Acts.

103. Cole is an employer covered by the requirements set forth in the Ohio Acts.

104. Plaintiff and other Ohio Acts Class Members have not been exempt from receiving overtime benefits under the Ohio Acts.

105. Plaintiff and the Ohio Acts Class Members worked more than forty (40) hours in workweeks during times relevant to this case, however, Cole violated the Ohio Acts by failing to pay Plaintiff and other Ohio Acts Class Members any overtime premium for hours worked over 40 per week.

106. Plaintiff and the Ohio Acts Class Members were not paid all wages, including overtime wages at one and one-half times their regular rates within thirty (30) days of performing the work.

107. The wages of Plaintiff and the Ohio Acts Class Members remain unpaid for more than thirty (30) days beyond their regularly scheduled payday.

108. Plaintiff and the Ohio Acts Class Members have suffered damages and continue to suffer damages as a result of Cole's acts or omissions as described herein; though Cole is in possession and control of necessary documents and information from which Plaintiff would be able to precisely calculate damages

109. In violating the Ohio Acts, Cole acted willfully, without a good faith basis, and with reckless disregard of applicable Ohio law.

110. The proposed class of employees, i.e. putative class members sought to be certified pursuant to the Ohio Acts, is defined in Paragraph 94.

111. The precise size and identity of the proposed class should be ascertainable from the business records, tax records, and/or employee or personnel records of Cole.

### C. OHIO ACTS CLASS ALLEGATIONS

112. All previous paragraphs are incorporated as though fully set forth herein.

113. Plaintiff brings his Ohio Acts claims as class actions pursuant to Federal Rule of Civil Procedure 23 on behalf of all similarly situated individuals employed by Cole to work in Ohio since September 5, 2014.

114. Class action treatment of Plaintiff's Ohio Acts claim is appropriate because, as alleged below, all of Federal Rule of Civil Procedure 23's class action requisites are satisfied.

115. The number of Ohio Acts Members is so numerous that joinder of all class members is impracticable.

116. Plaintiff is a member of the Ohio Acts Class, his claims are typical of the claims of other Ohio Acts Class Members, and he has no interests that are antagonistic to or in conflict with the interests of other class members.

117. Plaintiff and his counsel will fairly and adequately represent the Ohio Acts Class Members and their interests.

118. Class certification is appropriate under Federal Rule of Civil Procedure 23(b)(3) because common questions of law and fact predominate over questions affecting only individual class members and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation.

119. Accordingly, the Ohio Acts Class should be certified as defined in Paragraph 94.

## COUNT THREE
### (Class Action Alleging Violations of the PMWA)

**A.     PMWA COVERAGE**

120. All previous paragraphs are incorporated as though fully set forth herein.

121. The PMWA Class is defined as:

**ALL THREAD REPRESENTATIVES/SPECIALISTS WHO WORKED FOR COLE INTERNATIONAL TUBULAR SERVICE, LLC D/B/A COLE ENTERPRISES INTERNATIONAL TUBULAR SERVICE, IN PENNSYLVANIA AT ANY TIME FROM SEPTEMBER 5, 2014 THROUGH THE FINAL DISPOSITION OF THIS CASE, AND WERE PAID HOURLY BUT DID NOT RECEIVE OVERTIME FOR HOURS WORKED OVER FORTY IN ANY WORKWEEK ("PMWA Class" or "PMWA Class Members").**

122. At all times hereinafter mentioned, Cole has been an employer within the meaning of the PMWA, 43 P.S. § 333.103(f).

123. At all times hereinafter mentioned, Plaintiff and the PMWA Class Members have been employees within the meaning of the PMWA, 43 P.S. § 333.103(g).

**B.     FAILURE TO PAY WAGES IN ACCORDANCE WITH THE PMWA**

124. All previous paragraphs are incorporated as though fully set forth herein.

125. The PMWA requires that employees receive "time and one-half" overtime premium compensation for hours worked over forty (40) per week.

126. Plaintiff and other PMWA Class Members have not been exempt from receiving overtime benefits under the PMWA.

127. Plaintiff and other PMWA Class Members worked more than forty (40) hours in workweeks during times relevant to this complaint, however, Cole violated the PMWA by failing to pay Plaintiff and other class members any overtime premium for hours worked over forty (40) per week.

128. Plaintiff and the PMWA Class Members have suffered damages and continue to suffer damages as a result of Cole acts or omissions as described herein; though Cole is in possession and control of necessary documents and information from which Plaintiff would be able to precisely calculate damages.

129. In violating the PMWA, Cole acted willfully, without a good faith basis and with reckless disregard of clearly applicable Pennsylvania law.

130. The proposed class of employees, i.e. putative class members sought to be certified pursuant to the PMWA, is defined in Paragraph 121.

131. The precise size and identity of the proposed class should be ascertainable from the business records, tax records, and/or employee or personnel records of Cole.

**C. PMWA CLASS ALLEGATIONS**

132. Plaintiff brings his PMWA claim as a class action pursuant to Federal Rule of Civil Procedure 23 on behalf of all similarly situated individuals employed by Cole to work in Pennsylvania since September 5, 2014.

133. Class action treatment of Plaintiff's PMWA claim is appropriate because, as alleged below, all of Federal Rule of Civil Procedure 23's class action requisites are satisfied.

134. The number of PMWA Class Members is so numerous that joinder of all class members is impracticable.

135. Plaintiff is a member of the PMWA Class, his claims are typical of the claims of other class members, and he has no interests that are antagonistic to or in conflict with the interests of other class members.

136. Plaintiff and his counsel will fairly and adequately represent the class members and their interests.

137. Class certification is appropriate under Federal Rule of Civil Procedure 23(b)(3) because common questions of law and fact predominate over questions affecting only individual class members and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation.

138. Accordingly, the PMWA Class should be certified as in Paragraph 121.

# VI.
# RELIEF SOUGHT

Plaintiff respectfully prays for judgment against Rice Energy as follows:

a. For an Order recognizing this proceeding as a collective action pursuant to Section 216(b) of the FLSA, certifying the FLSA Collective as defined in Paragraph 60 and requiring Cole to provide the names, addresses, e-mail addresses, telephone numbers, and social security numbers of all potential collective action members;

b. For an Order certifying the Ohio Acts Class as defined in Paragraph 94, and designating Plaintiff as Representative of the Ohio Acts Class;

c. For an Order certifying the PMWA Class as defined in Paragraph 121, and designating Plaintiff as Representative of the PMWA Class;

d. For an Order approving the form and content of a notice to be sent to all potential FLSA Collective Members advising them of the pendency of this litigation and of their rights with respect thereto;

e. For an Order awarding Plaintiff (and those FLSA Collective Members who have joined in the suit) back wages that have been improperly withheld;

f. For an Order pursuant to Section 16(b) of the FLSA finding Cole liable for unpaid back wages due to Plaintiff (and those FLSA Collective Members who have joined in the suit), for liquidated damages equal in amount to the unpaid compensation found due to Plaintiff (and those FLSA Collective Members who have joined in the suit);

g. For an Order pursuant to the Ohio Acts awarding Plaintiff and the Ohio Acts Class Members unpaid overtime and other damages allowed by law;

h. For an Order pursuant to the PMWA awarding Plaintiff and the PMWA Class Members unpaid overtime and other damages allowed by law;

i. For an Order awarding the costs and expenses of this action;

j. For an Order awarding attorneys' fees;

k. For an Order awarding pre-judgment and post-judgment interest at the highest rates allowed by law;

l. For an Order awarding Plaintiff a service award as permitted by law;

m. For an Order compelling the accounting of the books and records of Cole, at Cole's own expense;

n. For an Order providing for injunctive relief prohibiting Cole from engaging in future violations of the FLSA, the Ohio Acts and the PMWA, and requiring Cole to comply with such laws going forward; and

o. For an Order granting such other and further relief as may be necessary and appropriate.

Date: September 5, 2017　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　**ANDERSON2X, PLLC**

　　　　　　　　　　　　　　By:　　/s/ *Clif Alexander*
　　　　　　　　　　　　　　　　　　**Clif Alexander**
　　　　　　　　　　　　　　　　　　Federal I.D. No. 1138436
　　　　　　　　　　　　　　　　　　Texas Bar No. 24064805
　　　　　　　　　　　　　　　　　　clif@a2xlaw.com
　　　　　　　　　　　　　　　　　　**Austin W. Anderson**
　　　　　　　　　　　　　　　　　　Federal I.D. No. 777114
　　　　　　　　　　　　　　　　　　Texas Bar No. 24045189
　　　　　　　　　　　　　　　　　　austin@a2xlaw.com
　　　　　　　　　　　　　　　　　　**Lauren E. Braddy**
　　　　　　　　　　　　　　　　　　Federal I.D. No. 1122168
　　　　　　　　　　　　　　　　　　Texas Bar No. 24071993
　　　　　　　　　　　　　　　　　　lauren@a2xlaw.com
　　　　　　　　　　　　　　　　　　**Alan Clifton Gordon**
　　　　　　　　　　　　　　　　　　Federal I.D. No. 19259
　　　　　　　　　　　　　　　　　　Texas Bar No. 00793838
　　　　　　　　　　　　　　　　　　cgordon@a2xlaw.com
　　　　　　　　　　　　　　　　　　819 N. Upper Broadway
　　　　　　　　　　　　　　　　　　Corpus Christi, Texas 78401
　　　　　　　　　　　　　　　　　　Telephone: (361) 452-1279
　　　　　　　　　　　　　　　　　　Facsimile: (361) 452-1284

　　　　　　　　　　　　　　　　　　**Attorneys in Charge for Plaintiff and Putative Class Members**